# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT J. JORDAN,

    Plaintiff,

v.                                                  Case No. 21-CV-1473

STEVEN G. GIUSTI,
ANGELA M. DAVIS, and
COLUMBIA CORRECTIONAL INSTUTION
HEALTH SERVICES UNIT,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On December 28, 2021, plaintiff Robert J. Jordan, who is incarcerated at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) The case is now before the court on Jordan's motion for leave to proceed without prepayment of the filing fee, his motion to appoint counsel, and for screening of the complaint.

The court has jurisdiction to resolve Jordan's motion to proceed without prepaying the filing fee and to screen the complaint in light of Jordan's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the

Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED
## WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Jordan was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 28, 2021, Jordan filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 26, 2022, the court ordered Jordan to pay an initial partial filing fee of $2.93. (ECF No. 7.) Jordan paid that fee on February 9, 2022. The court will grant Jordan's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Jordan was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss

2

a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Jordan's Allegations*

On December 21, 2020, Jordan alleges that while working as a culinary worker at Columbia Correctional Institution, defendant Angela M. Davis instructed him to assist non-prisoner staff in bringing in food supplies. (ECF No. 1 at 2.) Jordan notes this is against institution policy. (*Id.*)

Defendant Steven G. Giusti ordered Jordan to remove produce from a damaged pallet and place them in a different pallet. (*Id.* at 3.) While Jordan was completing this task, Giusti was moving supplies with a hand truck, and at one point, steered the hand truck into Jordan's right foot twice, crushing Jordan's foot between the hand truck and the loading ramp. (*Id.*)

X-rays showed that Jordan's foot was broken. (*Id.*) Jordan was placed in a walking boot and given crutches. (*Id.*) Jordan asserts that his foot did not heal properly, and Columbia's Health Service staff ignored over fifty health services requests from Jordan complaining about serious foot pain. (*Id.*) Jordan asserts they also failed to schedule him an appointment with an orthopedic specialist. (*Id.* at 5.)

*Analysis*

Jordan claims Davis and Giusti violated his Eighth Amendment rights by allowing him to work on the loading dock resulting in his broken foot. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing

4

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* (citing *Farmer*, 511 U.S. at 837). Courts evaluate the risk an inmate faces on an objective basis; that is, "the allegedly dangerous prison condition must deprive an inmate of the 'minimal civilized measures of life's necessities.'" *Id.* (citing *Farmer*, 511 U.S. at 834).

The facts alleged against Davis and Giusti do not state a claim arising under the Eighth Amendment. "Deliberate indifference" is a robust state-of-mind requirement, meaning that a "defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir.1996). Here, Jordan alleges that Davis and Giusti's actions were careless. Specifically regarding Giusti's actions, there is nothing to suggest that Giusti purposefully or recklessly smashed Jordan's foot with the hand truck. At most, Giusti's actions amount to negligence. Jordan may not proceed on an Eighth Amendment claim against Davis or Giusti and they are dismissed.

Jordan also names Columbia Correctional Institution's Health Services Unit as a defendant. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Health Services Unit is not a person. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). Accordingly,

5

a plaintiff must specifically allege what each individual defendant, (in this case each Health Services staff member) did or did not do to violate his constitutional rights.

As such, the court will provide Jordan an opportunity to amend his complaint to include allegations about what specific health services staff members did or did not do in treating his broken foot. Jordan's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate Jordan's rights. If Jordan does not know the name of the defendant who alleged violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Jordan will have an opportunity to conduct limited discovery to determine the defendants' identity.

The court is enclosing a copy of its complaint form and instructions. Jordan must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Jordan may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Jordan cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

6

If Jordan does not file an amended complaint by the deadline specified below, the court will dismiss his case for failure to state a claim upon which relief may be granted.

## MOTION TO APPOINT COUNSEL (ECF NO. 8)

Jordan also filed a motion to appoint counsel. (ECF No. 8.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682.

7

Jordan states he has made efforts to obtain a lawyer on his own and says that he attached to his motion evidence demonstrating this. (ECF No. 8, ¶ 7.) However, there are no exhibits attached to his motion. As such, the court will deny Jordan's motion without prejudice. He may refile it with evidence demonstrating he made reasonable attempts to obtain a lawyer on his own.

**THEREFORE, IT IS ORDERED** that Jordan's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Jordan's motion to appoint counsel (ECF No. 8) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Angela M. Davis and Steven G. Giusti are **DISMISSED**.

**IT IS FURTHER ORDERED** that Jordan may file an amended complaint that complies with the instructions in this order on or before **May 3, 2022**. If Jordan files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Jordan does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jordan a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jordan shall collect from his institution trust account the $347.07 balance of the filing fee

by collecting monthly payments from Jordan' prison trust account in an amount equal to 20% of the preceding month's income credited to Jordan' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Jordan is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jordan is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Jordan is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Jordan is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Jordan' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 12th day of April, 2022.

BY THE COURT,

_____
NANCY JOSEPH
United States Magistrate Judge