# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT H. JORDAN,**

        **Plaintiff,**

v.                                                Case No. 21-CV-1473

**MELISSA BLOCK,**

        **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Robert H. Jordan who is incarcerated and representing himself, sues Melissa Block, a prison nurse clinician and Assistant Health Manager, alleging that she was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983. Block moves for summary judgment in her favor. (Docket # 26.) For the reasons stated below, Block's motion for summary judgment is granted and Jordan's complaint is dismissed.

## PRELIMINARY MATTERS

On March 22, 2023, Jordan filed a motion to dismiss the defendant's motion for summary judgment. (Docket # 33.) Such a motion is unnecessary because the way to defend a motion for summary judgment is to respond to the motion for summary judgment. As such, on May 9, 2023, the court converted Jordan's motion to dismiss into a response for the purposes of summary judgment. (Docket # 42.) Subsequent to that order, Jordan filed a similar motion to dismiss on May 11, 2023. (Docket # 43.) Jordan's second motion is substantively similar to his first, adding no new information that would warrant a reply from

Block. Thus, the court will deny the motion and disregard it for purposes of summary judgment.

## FACTS

At all times relevant, Jordan was incarcerated at Columbia Correctional Institution. (Docket # 28, ¶ 2.) Block was employed at Columbia as a Nurse Clinician 2 and was the Assistant Health Services Manager. (*Id.*, ¶¶ 3, 17.) She resigned from her position on March 1, 2022. (*Id.*, ¶ 3.)

On December 21, 2020, Jordan injured his right ankle when he was struck by a heavy-duty pallet jack while working as a culinary worker. (Docket # 28, ¶ 24; Docket # 44, ¶ 3.) Jordan was taken offsite to Aspirus Divine Savior Hospital, where he had x-rays, which showed he had "a right ankle lateral malleolar Avulsion Fracture of the ligament." (Docket # 44, ¶ 4.) Jordan states that Block was familiar with his injury because she was the one who arranged for him to go to the hospital. (*Id.*, ¶¶ 2, 5.)

It is undisputed from December 21, 2020, through October 2021, Jordan submitted approximately 138 health service requests (HSR) related to his foot injury. (Docket # 28, ¶ 26.) Prisoners submit HSRs when they want to communicate with the Health Services Unit (HSU) staff, including requesting to be seen by HSU staff. (*Id.*, ¶ 5.) HSRs are collected from a prisoner's housing unit daily around bedtime and triaged by nursing staff, who try to triage all HSRs within 24 hours of receipt. (*Id.*, ¶¶ 8–10.) Staff prioritizes the HSRs according to urgency and will schedule appointments based on that priority. (*Id.*, ¶¶ 11–12.) As Assistant Health Services Manager, Block did not review a prisoner's HSR "unless nursing staff forward[ed] them to her to address a particular issue or if she was assisting staff . . . due to low staffing." (*Id.*, ¶ 17.) Occasionally, Block would receive HSRs from an Institution

2

Complaint Examiner that were part of an inmate complaint, and Block was asked to respond. (*Id.*, ¶ 18.)

Jordan asserts that Block personally ignored all his requests for medical attention and "arbitrarily delayed a simple request or recommendation for an MRI." (Docket # 44, ¶ 9.) While Jordan submits several exhibits in response to Block's motion for summary judgment, he does not explain how he knows that Block deliberately ignored his requests. (Docket # 34–38.)

Block asserts that all of Jordan's requests were responded to by HSU staff, but she personally only responded to Jordan's HSR's on three occasions, including one occasion that was not related to his foot issue. (Docket # 28, ¶¶ 27–28.) Jordan filed an HSR on March 25, 2021, asking about a refill slip for medication that indicated his medication was listed as "staff controlled," meaning Columbia staff had to administer it. (*Id.*, ¶ 29.) On April 1, 2021, Block sent Jordan's HSR to the advanced care provider (either a nurse practitioner or a doctor) who listed the medication as "staff controlled," directing the provider to respond. (*Id.*, ¶ 33.) At that point, handling the HSR became the responsibility of the provider. (*Id.*, ¶ 34.)

On August 23, 2021, Jordan submitted an HSR asking for a snack bag renewal. (Docket # 28, ¶ 35.) This was the HSR unrelated to his foot injury. Block responded on August 25, 2021, by forwarding the HSR to Jordan's advance care provider requesting a renewal of his snack bag. (*Id*, ¶ 36.)

On September 22, 2021, Jordan submitted an HSR about his foot injury. (Docket # 28, ¶ 37.) He stated that the Institution Complaint Examiner, in response to an inmate complaint, directed him to contact HSU regarding the ineffective treatment of his foot injury. (*Id.*) On October 5, 2021, Block responded to Jordan informing him that he had an offsite

3

Case 2:21-cv-01473-NJ   Filed 09/28/23   Page 3 of 9   Document 49

orthopedic visit scheduled on October 28, 2021, at Waupun Memorial Hospital to discuss the ongoing pain related to his ankle injury. (*Id.*, ¶¶ 38, 39.) Block is not responsible for scheduling outside appointments with specialists. (*Id.*, ¶ 19.)

Besides these three specific responses to Jordan's HSRs, Block notes that between December 2020 and October 2021, "Jordan was receiving medical treatment related to his ankle, including physical therapy, orthopedics, an advanced care specialists." (Docket # 28, ¶ 40.) He also received medical shoes and braces. (*Id.*, ¶ 41.)

Jordan, in response, states that Block's declaration supporting these facts was "false, and misleading," but he does not explain how he knows the declaration is false. (Docket # 44, ¶ 9.) Jordan asserts that Block "has admitted that she had held the power to correct the wrong" and she could have ordered the advanced care providers to take him to an outside specialist. (*Id.*, ¶¶ 9–10.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Jordan claims that Block violated his Eighth Amendment rights when she was deliberately indifferent to his foot injury by not following up with his HSRs or scheduling outside appointments. A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The parties do not dispute that Jordan's injury was an objectively serious medical condition.

5

As to whether Block was deliberately indifferent to Jordan's injury, a plaintiff must demonstrate "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623–24 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865–66 (7th Cir. 2012).

There is a question of fact as to whether Block ignored Jordan's HSRs, but this question is immaterial because Jordan does not present sufficient evidence to establish that Block ignored his requests for medical care. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered.'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). While Jordan submits over 100 pages of exhibits in response to Block's motion for summary judgment, (*see* Docket # 34–38), he does not, in his declaration or brief in response, explain how these exhibits show that Block ignored his

6

Case 2:21-cv-01473-NJ   Filed 09/28/23   Page 6 of 9   Document 49

HSRs or refused to schedule him outside appointments. Merely attaching exhibits is not enough to demonstrate there is a material question of fact and judges are not required to root through the record to discern what claims a plaintiff is attempting to support. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702–03 (7th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried [in the record].") (citations omitted). Thus, Jordan does not establish that Block was subjectively aware of any other HSRs, other than the three that Block admits to.

Additionally, considering Block's response to those three HSRs, no reasonable factfinder could conclude that she was deliberately indifferent. She responded to all three within a reasonable time. She forwarded two to Jordan's advanced care provider to address. Thus, by forwarding the HSR to the appropriate person, she fulfilled her obligation because prisons are able to "divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The third she responded directly to Jordan informing him that he had an appointment with an outside specialist within a few weeks.

Jordan, then, fails to present evidence that Block was deliberately indifferent to his medical needs. Summary judgment is granted in favor of Block.

## CONCLUSION

For the foregoing reasons, Block's motion for summary judgment is granted. Block also argued that she was entitled to qualified immunity, but because the court granted summary judgment in her favor on the merits, it does not need to address the qualified immunity arguments. Because there are no remaining claims, the case is dismissed.

## ORDER

7

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Block's motion for summary judgment (Docket # 26) is **GRANTED.**

**IT IS FURTHER ORDERED** that Jordan's motion to dismiss Block's motion for summary judgment (Docket # 43) is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 28th day of September, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge